TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

JOHN K. VAN DE KAMP
Attorney General

_____

|  |  |  |
|---|---|---|
| OPINION | : | No. 85-1102 |
| of | : | <u>JUNE 6, 1986</u> |
| JOHN K. VAN DE KAMP<br>Attorney General | : | |
| JOHN T. MURPHY<br>Deputy Attorney General | : | |

_____

THE HONORABLE KENNETH L. NELSON, COUNTY COUNSEL, SANTA BARBARA COUNTY, has requested an opinion on the following questions:

1. Does Penal Code section 70, subdivision (d), prohibit a peace officer of a local public agency from engaging in off-duty employment as a private security guard or patrolman if the peace officer will be working in civilian clothes or in the uniform of the private employer?

2. Under Penal Code section 70, subdivision (d), is the local public agency liable for the actions of the peace officer when he or she is engaged in such off-duty private employment in civilian clothes or in the uniform of the private employer?

CONCLUSIONS

1. Penal Code section 70, subdivision (d), does not prohibit a peace officer of a local public agency from engaging in off-duty employment as a private security

1

85-1102

guard or patrolman even if the peace officer will be working in civilian clothes or in the uniform of the private employer. However, the peace officer so employed acts only as a private person and not as a public officer or in an official capacity.

2.  Under Penal Code section 70, subdivision (d), the local public agency is not liable for the actions of the peace officer when he or she is engaged in such off-duty private employment in civilian clothes or in the uniform of the private employer.

ANALYSIS

I

Generally, a local agency officer or employee may not engage in any employment, activity or enterprise for compensation which is "inconsistent, incompatible, in conflict with, or inimical to" his or her public duties. (Gov. Code, § 1126, subd. (a).)  The appointing power of the local agency's officers or employees, subject to the approval of the local agency, determines those outside activities which are inconsistent with, incompatible to or in conflict with the duties of such officers or employees. (Gov. Code, § 1126, subd. (b).)  Under this section, an outside employment, activity or enterprise may be prohibited if it:

"(1) involves the use for private gain or advantage of his or her local agency time, facilities, equipment and supplies; or the badge, uniform, prestige, or influence of his or her local agency office or employment or, (2) involves receipt or acceptance by the officer or employee of any money or other consideration from anyone other than his or her local agency for the performance of an act which the officer or employee, if not performing such act, would be required or expected to render in the regular course or hours of his or her local agency employment or as a part of his or her duties as a local agency officer or employee or, (3) involves the performance of an act in other than his or her capacity as a local agency officer or employee which act may later be subject directly or indirectly to the control, inspection, review, audit, or enforcement of any other officer or employee or the agency by which he or she is employed, or (4) involves such time demands as would render performance of his or her duties as a local agency officer or employee less efficient."

However, these provisions are qualified by Government Code section 1127 which states that:

2

"It is not the intent of this article [Gov. Code, §§ 1125-1128] to prevent the employment by private business of a public employee, such as a peace officer, fireman, forestry service employee, among other public employees, who is off duty to do work related to and compatible with his regular employment, or past employment, provided the person or persons to be employed have the approval of their agency supervisor and are certified as qualified by the appropriate agency."

In prior opinions this office has recognized that off-duty peace officers may be employed in non-official capacities as security guards and patrolmen. (See 68 Ops.Cal.Atty.Gen. 175, 181-182 (1985); 65 Ops.Cal.Atty.Gen. 631, 634-635 (1982).) In the latter opinion we stated: "When a peace officer is engaged in his or her off-duty employment, the actions of such officer within the scope of that employment are those of a private person and not of a public officer or employee." (*Id*., at p. 634.) We consider in the present opinion the effect, if any, the enactment of subdivision (d) of Penal Code section 70 (Stats. 1984, ch. 1665, § 1) has had on the official or non-official status of a peace officer who is engaged in such off-duty employment for a private entity.

Penal Code section 70[1] does not forbid outside employments. Penal Code section 70, subdivision (a), prohibits public officers, employees and appointees from knowingly asking for, receiving or agreeing to receive "any emolument, gratuity, or reward, or any promise thereof excepting such as may be authorized by law for doing an official act . . . ." There are several exceptions to this section, including subdivision (d), which provides in part:

"(d)  Nothing in this section precludes a peace officer, as defined in Chapter 4.5 (commencing with Section 830) of Title 3 of Part 2, from engaging in, or being employed in, casual or part-time employment as a private security guard or patrolman by a private employer while off duty from his or her principal employment and outside his or her regular employment as a peace officer, and exercising the powers of a peace officer concurrently with that employment, provided that all of the following are true:

"(1)  The peace officer is in his or her police uniform.

---

[1] Section 70 is set out in full in the Appendix to this opinion.

85-1102

"(2) The casual or part-time employment as a private security guard or patrolman is approved by the county board of supervisors with jurisdiction over the principal employer or by the board's designee or by the city council with jurisdiction over the principal employer or by the council's designee.

"(3) The wearing of uniforms and equipment is approved by the principal employer.

"(4) The peace officer is subject to reasonable rules and regulations of the agency for which he or she is a peace officer and within the provisions of subdivisions (k) and (1) of Section 7522 of the Business and Professions Code."

In summary, section 70 forbids a peace officer from being paid, other than as authorized by law, for doing an official act. However, this prohibition is lifted if he or she falls within the subdivision (d) exception.

Subdivision (d) allows a peace officer to exercise the "powers of a peace officer concurrently with that [private security guard or patrolman] employment . . . ." Consequently, the subdivision recognizes that the private employment entails the "doing of an official act" which is otherwise forbidden by section 70. The Legislature carefully explained this in subdivision (d):

"It is the intent of the Legislature by this subdivision to abrogate the holdings in *People* v. *Corey*, 21 Cal.3d 738, and *Cervantez* v. *J. C. Penney Co.*, 24 Cal.3d 579, to reinstate prior judicial interpretations of this section as they relate to criminal sanctions for battery on peace officers who are employed, on a part-time or casual basis, while wearing a police uniform approved by the principal employer, as private security guards or patrolmen, and to allow the exercise of peace officer powers concurrently with that employment."

In *People* v. *Corey* (1978) 21 Cal.3d 738, a city police officer was privately employed while off duty to furnish security at a dance. He was in his regular police uniform and armed. Following the instructions of his private employer, he refused to let the defendant, who had left the dance, reenter and in so doing physically restrained the defendant. For his efforts, the officer was struck in the head. The court set aside the defendant's sentence for battery on a peace officer, finding that the officer when attacked was not acting in "his official capacity" as a peace officer. (21 Cal.3d at p. 744.) *Cervantez* v. *J. C. Penney Co.* (1979) 24 Cal.3d 579, is similar. The defendant was

4

arrested for suspected shoplifting by an off-duty police officer working as a security guard at the Penney store and being paid by Penney. Though not in uniform, the officer at the time of the arrest identified himself as "'a police officer working security for Penney's.'" (24 Cal.3d at p. 586.) At defendant's trial the jury was instructed on the standards applicable to arrests by peace officers and the defendant, on appeal, argued that this was error since the officer was acting as a private citizen in the course of private employment. (24 Cal.3d at p. 587.) The court agreed, holding that the officer was not "acting as a peace officer in the performance of official duties" at the time of the arrest. (24 Cal.3d at p. 588.) Subdivision (d) of section 70 was enacted to abrogate the holdings of *Corey* and *Cervantez*.

The effect of subdivision (d), then, is to allow a peace officer, though privately employed as a security guard or patrolman, to act in his official capacity concurrently with the private employment.

The exercise of peace officer powers concurrently with the private employment is, however, expressly qualified by the language "provided that all the following are true" and the four conditions which follow. (Pen. Code, § 70, subd. (d).) Generally, condition (2) requires approval of the employment by the board of supervisors or the city council, and condition (4) subjects the employment to the reasonable rules of the police agency and to provisions of the Private Investigators Act. Conditions (1) and (3) are relevant to our discussion.

Condition (1) requires the peace officer to be "in his or her police uniform." This provision needs no interpretation. Likewise, condition (3) is clear: "[t]he wearing of uniforms and equipment . . . [be] approved by the principal employer." The officer's principal employment is with the police agency, so that agency must give him or her approval to wear its uniform. If it does not, then condition (1) cannot be satisfied. Accordingly, the peace officer, in order to perform his private casual or part-time job as a security guard or patrolman and retain at the same time his official status must, *inter alia*, wear his or her police uniform with the approval of the police agency.

These conditions are consistent with the purpose and intent of subdivision (d). As we have seen, the purpose of subdivision (d) is to permit the officer to do an official act, i.e., exercise the powers of a peace officer, concurrently with his or her private employment. By wearing the police uniform he or she is displaying police officer identity.[2] The intent of subdivision (d) was to legislatively meet the problems pointed out

---

[2] Penal Code section 243, subdivisions (b) and (c), provide for enhanced punishment when a battery is "committed against the person of a peace officer . . . engaged in the performance of his or her duties, whether on or off duty, including when the peace officer is in a police uniform and

5

by the *Corey* and *Cervantez* cases. In *Corey* the court expressed its concern with the officer giving the appearance of being a peace officer by wearing his uniform when he was not acting officially (21 Cal.3d at p. 744), and in *Cervantez* the court focused on private employment preventing the officer from acting officially (24 Cal.3d at p. 588). Subdivision (d) answers these problems by allowing the privately employed officer to act in his or her official capacity by wearing the police uniform as a condition to that employment. Consequently, peace officers otherwise authorized to work as private security guards or patrolmen (see Gov. Code, §§ 1126-1127) would not be able to exercise their peace officer powers if they do not or cannot wear their police uniforms as required by conditions (1) and (3). The actions of such officers, since all the conditions of subdivision (d) have not been met, are those of private persons and not of peace officers. (See 65 Ops.Cal.Atty.Gen. 631, 634, *supra*.)

Accordingly, we conclude that Penal Code section 70, subdivision (d), does not prohibit a peace officer of a local public agency from engaging in off-duty employment as a private security guard or patrolman even if the peace officer will be working in civilian clothes or in the uniform of the private employer. However, the peace officer so engaged acts only as a private person and not as a public officer or in an official capacity. Indeed, he or she would have the same status as the officers in the *Corey* and *Cervantez* cases.

II

Subdivision (d) of Penal Code section 70 provides in part as follows:

"Any or all civil or criminal liability arising out of the secondary employment of any peace officer pursuant to this subdivision shall be borne by the officer's principal employer. The principal employer may require the secondary employer to enter into an indemnity agreement as a condition of approving casual or part-time employment pursuant to this subdivision."

Since the peace officer under discussion does not come within the subdivision (d) exception, the above liability provision of that subdivision is inapplicable. The private employment as a security guard or patrolman must be "pursuant to the subdivision" and if the officer is not in his or her uniform the employment is outside of subdivision (d).

---

is concurrently performing the duties required of him or her as a peace officer while also employed in a private capacity as a part-time or casual private security guard or patrolman . . . .

Accordingly, we conclude that under Penal Code section 70, subdivision (d), the local public agency as principal employer is not liable for the actions of its peace officer when he or she is engaged in off-duty private employment as a security guard or patrolman and is wearing civilian clothes or the uniform of the private employer.

*****

APPENDIX

PENAL CODE SECTION 70

"(a)  Every executive or ministerial officer, employee, or appointee of the State of California, or any county or city therein, or any political subdivision thereof, who knowingly asks, receives, or agrees to receive any emolument, gratuity, or reward, or any promise thereof excepting such as may be authorized by law for doing an official act, is guilty of a misdemeanor.

"(b)  This section does not prohibit deputy registrars of voters from receiving compensation when authorized by local ordinance from any candidate, political committee, or statewide political organization for securing the registration of voters.

"(c)  Nothing in this section precludes a peace officer, as defined in Chapter 4.5 (commencing with Section 830) of Title 3 of Part 2, from engaging in, or being employed in, casual or part-time employment as a private security guard or patrolman for a public entity while off duty from his or her principal employment and outside his or her regular employment as a peace officer of a state or local agency, and exercising the powers of a peace officer concurrently with that employment, provided that the peace officer is in a police uniform and is subject to reasonable rules and regulations of the agency for which he or she is a peace officer and within the provisions of subdivisions (k) and (1) of Section 7522 of the Business and Professions Code.  Notwithstanding the above provisions, any and all civil and criminal liability arising out of the secondary employment of any peace officer pursuant to this subdivision shall be borne by the officer's secondary employer.

"It is the intent of the Legislature by this subdivision to abrogate the holdings in *People* v. *Corey*, 21 Cal.3d 738, and *Cervantez* v. *J. C. Penney Co.*, 24 Cal.3d 579, to reinstate prior judicial interpretations of this section as they relate to criminal sanctions for battery on peace officers who are employed, on a part-time or casual basis, by a public entity, while wearing a police uniform as private security guards or patrolmen, and to allow the exercise of peace officer powers concurrently with that employment.

"(d)  Nothing in this section precludes a peace officer, as defined in Chapter 4.5 (commencing with Section 830) of Title 3 of Part 2, from

8

engaging in, or being employed in, casual or part-time employment as a private security guard or patrolman by a private employer while off duty from his or her principal employment and outside his or her regular employment as a peace officer, and exercising the powers of a peace officer concurrently with that employment, provided that all of the following are true:

"(1) The peace officer is in his or her police uniform.

"(2) The casual or part-time employment as a private security guard or patrolman is approved by the county board of supervisors with jurisdiction over the principal employer or by the board's designee or by the city counsel with jurisdiction over the principal employer or by the council's designee.

"(3) The wearing of uniforms and equipment is approved by the principal employer.

"(4) The peace officer is subject to reasonable rules and regulations of the agency for which he or she is a peace officer and within the provisions of subdivisions (k) and (1) of Section 7522 of the Business and Professions Code.

"Notwithstanding the above provisions, a peace officer while off duty from his or her principal employment and outside his or her regular employment as a peace officer of a state or local agency shall not exercise the powers of a police officer if employed by a private employer as a security guard during a strike, lockout, picketing, or other physical demonstration of a labor dispute at the site of the strike, lockout, picketing, or other physical demonstration of a labor dispute. The issue of whether or not casual or part-time employment as a private security guard or patrolman pursuant to this subdivision is to be approved shall not be a subject for collective bargaining. Any and all civil and criminal liability arising out of the secondary employment of any peace officer pursuant to this subdivision shall be borne by the officer's principal employer. The principal employer may require the secondary employer to enter into an indemnity agreement as a condition of approving casual or part-time employment pursuant to this subdivision.

"It is the intent of the Legislature by this subdivision to abrogate the holdings in *People* v. *Corey*, 21 Cal.3d 738, and *Cervantez* v. *J. C. Penney Co.*, 24 Cal.3d 579, to

reinstate prior judicial interpretations of this section as they relate to criminal sanctions for battery on peace officers who are employed, on a part-time or casual basis, while wearing a police uniform approved by the principal employer, as private security guards or patrolmen, and to allow the exercise of peace officer powers concurrently with that employment."

*****